1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  SUSAN J. KLAT, Grandmother of the
    Deceased, Dejon Marques Heard,
12
                              Plaintiff,
13
    v.
14
    CITY OF SAN DIEGO, et al.,
15
                              Defendants.
16

Case No.:  25-cv-1161-RSH-VET

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

[ECF Nos. 19, 22]

17

18      Pending before the Court are motions to dismiss filed by two groups of Defendants:

19  (1) the County of San Diego (the "County"), Kelly A. Martinez, Gregory Arnold, Lon

20  Nguyen, and Michael Krugh (collectively, the "County Defendants"); and (2) the City of

21  San Diego (the "City"), Scott Wahl, Tarik Andrew, Jason Aguilar, Angela Laurita, and

22  Charles Lara (collectively, the "City Defendants"). ECF Nos. 19, 22. As set forth below,

23  the motions are granted, and the Complaint is dismissed for lack of standing, with leave to

24  amend.

25  **I.    BACKGROUND**

26      Plaintiff Susan Klat, proceeding pro se, filed this lawsuit on May 7, 2025. ECF No.

27  1. The Complaint is based on the shooting death of her grandson Dejon Marques Heard by

28  a San Diego Police Officer on July 6, 2024. The Complaint alleges that Heard's death was

a result of an ambush by police, that Heard was unarmed at the time of the incident, and that the police manipulated body camera footage and other evidence to falsely conclude that Heard had been wielding a knife and that the officer actions were justified. ECF No. 1 ¶ 1-2. Heard was 25 years old at the time of his death. *Id.* ¶ 1. The Complaint also alleges that Defendants confiscated Heard's personal property at the time of the shooting and have refused to return it or acknowledge its existence. *Id.* ¶ 2.

The Complaint asserts one federal claim (Claim Four), pursuant to 42 U.S.C. § 1983: excessive use of force in violation of the Fourth Amendment. *Id.* at 19. The Complaint also asserts state-law claims for wrongful death, negligence, and misrepresentation. *Id.* at 13-20. The Complaint invokes the Court's federal question jurisdiction and supplemental jurisdiction.

The County Defendants and the City Defendants have filed motions to dismiss. ECF Nos. 19, 22. Those motions are fully briefed. *See* ECF Nos. 20, 21, 23. Both motions to dismiss challenge the subject matter jurisdiction of this Court, contending that Plaintiff lacks standing, in addition to arguing that the Complaint fails to state a claim.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III, Section 2 the U.S. Constitution requires that a plaintiff have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he or she has (1) "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (citing *Lujan*, 504 U.S. at 560). The plaintiff has the burden to establish standing, and at the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Id.* (cleaned up).

The Court construes pleadings by pro se litigants liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## III.   ANALYSIS

### A.   Plaintiff's Federal Survivor Claim

Plaintiff's sole federal claim, brought pursuant to 42 U.S.C. § 1983, alleges that certain defendants—the City, Wahl, Andrew, and Aguilar—while acting under color of state law, "violated Dejon's Fourth Amendment right to be free from unreasonable and excessive force." ECF No. 1 ¶ 55. The Complaint further alleges that these defendants failed to obey the City's use of force policy, resulting in the shooting of Heard, "violating his constitutional rights afforded under the Fourth and Fourteenth Amendments." *Id.*

"In § 1983 actions … the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Here, California's survivor statute applies. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1051-54 (9th Cir. 2018); *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). California law provides that a survivor action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. The term "decedent's successor in interest" means "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law …." *Tatum v. City & Cnty. Of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citing Cal. Civ. Proc. Code §§ 377.30, 377.32).

California law requires a plaintiff who seeks to proceed as a decedent's successor in interest to file a declaration:

(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) "No proceeding is now pending in California for administration of the decedent's estate."

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

(B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

25-cv-1161-RSH-VET

(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.

(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32. Courts have required plaintiffs pursuing claims under § 1983 as a decedent's successor in interest to file such declarations. *See, e.g.*, *Dresdner v. Sacramento Cnty. Jail*, No. 2:23-cv-2038 DAD CSK P, 2025 WL 603617, at *3, *8 (E.D. Cal. Feb. 25, 2025); *Est. of McCrary v. Victorville Police Dep't*, No. 5:23-cv-2602-SSS-SPx, 2024 WL 4783821, at *4 (C.D. Cal. Sept. 5, 2024); *Vargas v. Cal.*, No. 3:23-cv-1893-RBM-SBC, 2024 WL 3297487, at *5 (July 3, 2024).

Here, the Complaint pleads that Plaintiff is the grandmother of Heard. The Complaint does not undertake to plead facts establishing that she satisfies the requirements of California law for pursuing a survival claim under § 1983 on her grandson's behalf. Nor has Plaintiff filed a declaration as required by Cal. Civ. Proc. Code § 377.32. Plaintiff has not carried her burden of establishing that she has standing to bring her federal claim on Heard's behalf, and her federal claim is therefore dismissed.[1]

## B. Leave to Amend

The Court grants Plaintiff the opportunity to amend her pleading to allege facts establishing her standing to bring a survivor claim, and to comply with Cal. Civ. Proc. Code § 377.32.

Separate and apart from bringing a survivor claim on behalf of a decedent, in some circumstances the family members of a decedent may bring constitutional claims pursuant to § 1983 on their own behalf—based on the deprivation of their own due process rights to

---

[1]    The Parties' briefing disputes whether Plaintiff was a "de facto" parent of Heard. In the absence of well-pleaded facts in the Complaint supporting Plaintiff's standing to bring a federal claim, the Court declines to address these arguments.

the decedent's companionship. "A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler*, 894 F.3d at 1057 (citing *Hayes*, 736 F.3d at 1229-30). However, "even biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections …." *Id.* at 1058 (affirming dismissal of a § 1983 excessive force case for lack of standing, where the plaintiff's allegation of a "close relationship [with his deceased mother] during part of his childhood and throughout his adult life" was insufficient to support a loss of companionship claim). As to grandparents, although the Ninth Circuit has not ruled on the issue, the district court in *Osborne v. Cnty. of Riverside*, 385 F. Supp. 2d 1048 (C.D. Cal. 2005), determined that grandparents "who have a long-standing custodial relationship with their grandchildren such that together they constitute an existing family unit do possess a liberty interest in familial integrity and association." *Id.* at 1054 (cleaned up).

Here, Plaintiff's federal claim addresses the alleged deprivation of Heard's constitutional rights. However, the Complaint also asserts that as a result of Defendant's wrongful acts, Plaintiff "has suffered pain, companionship [sic], and loss of her 25-year-old grandson." ECF No. 1 ¶ 57. To the extent that Plaintiff seeks to bring a § 1983 claim based on a deprivation of her due process rights, separate from the survivor claim brought on her grandson's behalf, the Court will grant Plaintiff leave to plead such a separate claim.

### C.  State Claims and Remaining Arguments

Because the Court determines that it lacks subject matter jurisdiction over Plaintiff's sole federal claim, the Court dismisses the remaining state law claims for lack of supplemental jurisdiction. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). In light of the disposition herein, the Court declines to reach Defendants' other arguments for dismissal at this time.

25-cv-1161-RSH-VET

In the event Plaintiff chooses to amend her complaint, and the Court concludes that Plaintiff has established Article III standing and successfully stated a federal claim, the Court will also address arguments directed to any state claims contained in Plaintiff's amended pleading.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [ECF Nos. 19, 22] are **GRANTED**. The Complaint is **DISMISSED** with leave to amend. Within ***forty-five (45) days*** of the date of this Order, Plaintiff is granted leave (1) to file an amended complaint addressing the deficiencies identified herein, and (2) to the extent the amended complaint brings a survivor claim as successor-in-interest to Heard, a declaration under Cal. Civ. Proc. Code § 377.32.

The amended complaint must be complete in and of itself, and may contain attachments, but may not incorporate the original complaint by reference.

If Plaintiff fails to timely file an amended complaint, the Court will dismiss the action without prejudice. If Plaintiff fails to timely file a declaration under Cal. Civ. Proc. Code § 377.32, the Court will dismiss any claim brought by Plaintiff as successor in interest.

**IT IS SO ORDERED.**

Dated: August 8, 2025

Hon. Robert S. Huie
United States District Judge

25-cv-1161-RSH-VET