UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN J. KLAT, Grandmother of the Deceased, Dejon Marques Heard,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 25-cv-1161-RSH-VET<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>[ECF Nos. 26, 27, 31] |

Pending before the Court are motions to dismiss filed by two groups of Defendants: (1) the County of San Diego (the "County"), Kelly A. Martinez, Gregory Arnold, Lon Nguyen, and Michael Krugh (collectively, the "County Defendants"); and (2) the City of San Diego (the "City"), Scott Wahl, Tarik Andrew, Jason Aguilar, Angela Laurita, and Charles Lara (collectively, the "City Defendants"). ECF Nos. 26, 27. As set forth below, the Complaint is dismissed without prejudice for lack of federal subject matter jurisdiction.

**I.    BACKGROUND**

Plaintiff Susan Klat, proceeding pro se, filed this lawsuit on May 7, 2025. ECF No. 1. The Complaint is based on the shooting death of her grandson Dejon Marques Heard by a San Diego Police Officer on July 6, 2024. Heard was 25 years old at the time of his death. *Id.* ¶ 1. The Complaint asserts one federal claim, pursuant to 42 U.S.C. § 1983: excessive

use of force in violation of the Fourth and Fourteenth Amendments. *Id.* at 19-20. The Complaint also asserted state-law claims for wrongful death, negligence, and misrepresentation. *Id.* at 13-20. The Complaint invoked the Court's federal question jurisdiction and supplemental jurisdiction.

The County Defendants and the City Defendants thereafter filed motions to dismiss. ECF Nos. 19, 22. Both motions to dismiss challenged the subject matter jurisdiction of this Court, contending that Plaintiff lacked standing, in addition to arguing that the Complaint failed to state a claim.

On August 8, 2025, the Court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. ECF No. 24. Addressing Plaintiff's sole federal claim under Section 1983, the Court observed that under applicable California law, "a survivor action 'may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.'" *Id.* at 3 (quoting Cal. Civ. Proc. Code § 377.30). The order discussed the requirements for bring such a suit, including the need for a plaintiff who seeks to proceed as a decedent's successor in interest to file a declaration pursuant to Cal. Civ. Proc. Code § 377.32. *Id.* at 4-5. The Court recited the requirements for such a declaration. *Id.* The Court stated:

> Here, the Complaint pleads that Plaintiff is the grandmother of Heard. The Complaint does not undertake to plead facts establishing that she satisfies the requirements of California law for pursuing a survival claim under § 1983 on her grandson's behalf. Nor has Plaintiff filed a declaration as required by Cal. Civ. Proc. Code § 377.32. Plaintiff has not carried her burden of establishing that she has standing to bring her federal claim on Heard's behalf, and her federal claim is therefore dismissed.

*Id.* at 5. The Court "grant[ed] Plaintiff the opportunity to amend her pleading to allege facts establishing her standing to bring a survivor claim, and to comply with Cal. Civ. Proc. Code § 377.32." *Id.*

In granting leave to amend, the Court continued:

>Separate and apart from bringing a survivor claim on behalf of a decedent, in some circumstances the family members of a decedent may bring constitutional claims pursuant to § 1983 on their own behalf—based on the deprivation of their own due process rights to the decedent's companionship. "A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler* [*v. City of Santa Clara*], 894 F.3d [1046,] 1057 [(9th Cir. 2018)] (citing *Hayes* [*v. Cnty. of San Diego*], 736 F.3d [1223,] 1229-30 [(9th Cir, 2013)]). However, "even biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections …." *Id.* at 1058 (affirming dismissal of a § 1983 excessive force case for lack of standing, where the plaintiff's allegation of a "close relationship [with his deceased mother] during part of his childhood and throughout his adult life" was insufficient to support a loss of companionship claim). As to grandparents, although the Ninth Circuit has not ruled on the issue, the district court in *Osborne v. Cnty. of Riverside*, 385 F. Supp. 2d 1048 (C.D. Cal. 2005), determined that grandparents "who have a long-standing custodial relationship with their grandchildren such that together they constitute an existing family unit do possess a liberty interest in familial integrity and association." *Id.* at 1054 (cleaned up).
>
>Here, Plaintiff's federal claim addresses the alleged deprivation of Heard's constitutional rights. However, the Complaint also asserts that as a result of Defendant's wrongful acts, Plaintiff "has suffered pain, companionship [sic], and loss of her 25-year-old grandson." ECF No. 1 ¶ 57. To the extent that Plaintiff seeks to bring a § 1983 claim based on a deprivation of her due process rights, separate from the survivor claim brought on her grandson's behalf, the Court will grant Plaintiff leave to plead such a separate claim.

*Id.* at 5-6. Having determined that it lacked subject matter jurisdiction over Plaintiff's federal claim, the Court dismissed the remaining state claims for lack of supplemental jurisdiction. *Id.* at 6.

On September 12, 2025, Plaintiff filed her Amended Complaint. ECF No. 25.

On September 29, 2025, the County Defendants and the City Defendants moved to dismiss the Amended Complaint. ECF Nos. 26, 27. The motions are fully briefed. *See* ECF Nos. 28-30, 31.[1]

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III, Section 2 of the U.S. Constitution requires that a plaintiff have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he or she (1) has "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (citing *Lujan*, 504 U.S. at 560). The plaintiff has the burden to establish standing, and at the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Id.* (citation modified).

The Court construes pleadings by pro se litigants liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

//

//

---

[1] On October 17, 2025, Plaintiff filed an opposition to the City's motion to dismiss. ECF No. 28. On October 28, 2025, Plaintiff filed an ex parte application to correct a clerical error and to file an opposition brief to the County's motion. ECF No. 31. Plaintiff states that she timely served both opposition briefs on October 17, and submitted both briefs for filing, but as a result of a clerical error the opposition to the County's motion was not docketed. *Id.* at 1-2. Plaintiff's ex parte application attaches a copy of her opposition to the County's motion. ECF No. 31-1 at 13-26. It is substantially similar to her opposition to the City's motion. Both the City and the County Defendants have filed reply briefs, ECF Nos. 29-30, and there is no prejudice to them from accepting this filing. For good cause shown, the Court grants Plaintiff's ex parte application.

## III. ANALYSIS

The prior dismissal order "grant[ed] Plaintiff the opportunity to amend her pleading to allege facts establishing her standing to bring a survivor claim, and to comply with Cal. Civ. Proc. Code § 377.32." ECF No. 24 at 5. The order required, "to the extent the amended complaint brings a survivor claim as successor-in-interest to Heard, a declaration under Cal. Civ. Proc. Code § 377.32." *Id.* at 7. The order itemized the requirements for such a declaration and the legal authority supporting dismissal in the absence of such a declaration. *Id.* at 3-5. The last sentence of the order stated, "[i]f Plaintiff fails to timely file a declaration under Cal. Civ. Proc. Code § 377.32, the Court will dismiss any claim brought by Plaintiff as successor interest." *Id.* at 7.

The Amended Complaint includes hundreds of pages of attachments but none of these is a declaration under Cal. Civ. Proc. Code § 377.32. *See* ECF No. 25. Nor does the Amended Complaint contain allegations, verified or otherwise, satisfying the requirements of such a declaration. Accordingly, just as the Court previously dismissed the § 1983 survivor claim in the Complaint, the Court dismisses the same claim in the Amended Complaint for lack of standing.

The prior dismissal order also provided, "[t]o the extent that Plaintiff seeks to bring a § 1983 claim based on a deprivation of her due process rights, separate from the survivor claim brought on her grandson's behalf, the Court will grant Plaintiff leave to plead such a separate claim." ECF No. 24 at 6. The Amended Complaint does not plead such a separate claim. Nor is the § 1983 claim contained in the Amended Complaint any different, in form or in substance, from the claim previously dismissed from the Complaint. The Court therefore declines to construe this claim—for "violat[ion] of Dejon's Fourth Amendment constitutional right to be free from unreasonable and excessive force"—as a claim for loss of companionship under the Due Process Clause.

Additionally, the allegations in the Amended Complaint do not reflect the viability of such a claim. The Amended Complaint now alleges that Plaintiff is not only the grandmother of Heard but also the "uncontested de facto parent-child shared custodian,

caretaker, and financial supporter." ECF No. 25 at p. 1; *see also id.* ¶ 2 (alleging that Plaintiff is "the sole surviving de facto parent-child shared custodian, caretaker, and financial supporter before and at the time of the deceased's preventable death"), ¶ 8 (alleging that Plaintiff is the "uncontested de facto-parent child custodian, shared caretaker, and grandmother to the deceased"). In explaining these allegations, which are vague and conclusory in nature, the Amended Complaint refers to court records reflecting that "before Dejon's birth," *id.* ¶ 37, Plaintiff participated in guardianship proceedings relating to Plaintiff's daughter, Heard's mother. The Amended Complaint also refers to records that Plaintiff has previously filed, including report cards for Heard during his kindergarten and first grade years (2004-2006), one or both of which Plaintiff appears to have co-signed with another family member, both signatures placed below the words "Parent's Signature." *See id.* ¶ 38; *see also* ECF No. 23-1 at pp. 24, 30. The Court is not aware of any precedent that, on these allegations, would support Plaintiff's capacity to bring a due process claim for lack of companionship based on the death of an adult grandchild. *Cf. Wheeler*, 894 F.3d at 1058 ("[E]ven biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections . . . .").

The Court, having previously provided Plaintiff with leave to amend and instructions regarding the deficiencies in the Complaint, concludes that further amendment of Plaintiff's federal claim would be futile. As before, the Court dismisses the remaining state claims for lack of supplemental jurisdiction. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Dismissal for lack of subject matter jurisdiction is without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

Although the Court determines that Plaintiff lacks standing to pursue her federal claim, and that the Court lacks subject matter jurisdiction over the case, this order does not prevent Plaintiff from pursuing her claims in Superior Court. Nor does it preclude Defendants from re-raising their arguments for why those claims lack merit.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [ECF Nos. 26, 27] are **GRANTED**.

Plaintiff's ex parte application [ECF No. 31] to correct a clerical error and to file an opposition brief to the County's motion to dismiss is **GRANTED**. Plaintiff's brief contained at ECF No. 31-1, pp. 13-26, shall hereby be deemed filed as of October 17, 2025 without the need for further action by the Clerk.

The Complaint is **DISMISSED** without prejudice and without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 29, 2025

_____
Hon. Robert S. Huie
United States District Judge